IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NILDA RAMOS<br><br>**Plaintiff,**<br><br>v.<br><br>LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service<br><br>**Defendant.** | CIVIL NO. 20-1163 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff, an employee of the U.S. Postal Service, sued the Postmaster General of the United States in his official capacity claiming that she was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq. (Docket No. 1).[1] The Postmaster General contends the case should be dismissed because, among other things, plaintiff failed to exhaust administrative remedies (Docket No. 6). Because plaintiff did not exhaust those remedies, the case must be, and is hereby DISMISSED.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Nilda Ramos, is a postal carrier with the U.S. Postal Service in the Cupey Station, in Puerto Rico (Docket No. 1, ¶ 3). She alleges that on November 2, 2019, a co-worker "grabbed her buttocks when she passed near him;" her supervisor, Mrs. Awilda Rodríguez, took no action despite having been told of the incident; and when plaintiff inquired as to the cameras supposedly

---

[1] The action was initiated against the then Postmaster General Megan Brennan. She was substituted by Louis Dejoy, who began his tenure as Postmaster General of the United States Postal Service in June 2020. (https://about.usps.com/who/leadership/officers/pmg-ceo.htm, last visited on July 28, 2021).

installed in the work area, she was initially told they were not working but later was told that the video did not show any conclusive misconduct. Id. at ¶ 5.

On December 30, 2019, plaintiff filed an initial administrative complaint, stating that her supervisors, including Mrs. Rodríguez, had taken no action. Id. at ¶ 6.[2] That same day, she completed Form 1221 and requested 40 hours of advanced sick leave, which she claims were approved. Id. at ¶ 8.[3] On January 10, 2020, she got paid but not for the requested 40 hours. Id. She maintains that Mrs. Rodríguez knew that she "had made an administrative complaint against her and she knew [plaintiff] was going on vacation and denied her the right to have the 40 hours." Id.

On March 30, 2020, plaintiff initiated this action against the Postmaster General alleging discrimination and retaliation in violation of Title VII (Docket No. 1, ¶ 2). On September 14, 2020, defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and or in the alternative, for failure to state a claim upon which relief can be granted (Docket Nos. 6 and 7). He asserted that while plaintiff initiated the administrative process by filing an informal complaint, she later failed to continue and complete the process (Docket No. 7, pp. 7-8). As support, he submitted as exhibits the declaration under penalty of perjury of Ms. Yvonne Sze, the Equal Employment Officer counselor and Alternative Dispute Resolution ("EEO ADR") specialist for the Northeast Area of the Postal Service, and a copy of the Notice of Right to File that Ms. Sze sent to plaintiff on March 13, 2020 (Docket Nos. 7-1 and 7-2).

---

[2] Administrative Complaint No. 4B-006-0033-20.

[3] Plaintiff says she completed Form 1221 to request the advanced sick leave but later, she references Form 3971 for this purpose.

The Notice of Right to File advised plaintiff, in detail, of her options regarding her claim and the course of action for each option (Docket No. 7-2). In the event plaintiff wished to move her case forward, she had to file a formal complaint through the EEO process. Id. To that end, she had to "complete, sign, and date PS Form 2579-A and PS Form 2565 and return them" to the National Equal Employment Opportunity Investigative Service Office ("NEEOSIO"). The Notice of Right to File was sent to plaintiff's address as well as to her attorney of record. Id.

On October 9, 2020, plaintiff responded to the dismissal request (Docket No. 9). She argued that the Complaint was timely filed because on February 10, 2020, she presented a retaliation claim with the Equal Employment Opportunity Commission (EEOC), which her counsel later sent to Ms. Sze and discussed with her. Id. From her perspective, this constituted a formal administrative complaint, given that Ms. Sze did not deny receipt of the claim. Id.[4] On April 6, 2021, defendant answered the Complaint, reiterating plaintiff's failure to exhaust administrative remedies (Docket No. 14). On May 6, 2021, he filed a motion for judgment on the pleadings predicated on the substance of plaintiff's claims (Docket No. 19), which plaintiff opposed (Docket No. 23).

## II.    STANDARD OF REVIEW

Defendant has challenged the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6)) and 12(c). Rule 12(b)(1) permits a party to move to dismiss for lack of subject matter jurisdiction, which according to defendant is the situation in this case because plaintiff did not exhaust administrative remedies (Docket No. 7, p. 1). But the rule does not apply here, for "[T]itle VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of the courts." Fort Bend County v. Davis, 139

---

[4] In addition, plaintiff submitted as exhibits a copy of an email her attorney sent to Ms. Sze, dated February 17, 2020, seemingly referencing the retaliation claim, as well as a copy of the same Notice of Right to File dated March 13, 2020 (Docket Nos. 9-1 and 9-2).

S.Ct. 1843, 1850 (June 3, 2019); Boos v. Runyon, 201 F.3d 178, 182 (2nd Cir. 2001)(while weighty, the exhaustion requirement is not jurisdictional).

A motion to dismiss based on Rule 12(b)(6) tests the sufficiency of the allegations, that is, whether the complaint raises a plausible entitlement to relief. See, Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014) (examining standard); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013)(same). All reasonable inferences must be drawn in "the pleader's favor." Rodríguez-Reyes, 711 F.3d at 52-53. In its evaluation of the motion, the court may consider implications from documents attached to or fairly incorporated into the complaint, facts susceptible to judicial notice, and concessions in plaintiff's response to the motion to dismiss. See, Nieto-Vicenty v. Valledor, 984 F.Supp.2d 17, 20 (D.P.R. 2013)(so stating).[5] A motion under Rule 12(c) for judgment on the pleadings is analyzed as if it were a motion to dismiss pursuant to Rule 12(b)(6). See, Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) ("A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss"). Dismissal is appropriate on the basis of Rule 12(b)(6).

### III. DISCUSSION

#### A. Title VII

Title VII precludes discrimination "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e2(a)(1). The "because of . . . sex" requirement prohibits, among other things, sexual harassment. See, Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998)(discrimination based on sex includes sexual harassment). In addition, Title VII

---

[5] Also, the court may consider documents the authenticity of which are not disputed by the parties and official public records. See, Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(listing documents). The documents filed in support of dismissal under Rule 12(b)(6) satisfy these parameters, as the Complaint alleges that "plaintiff exhausted all administrative remedies as required by law" (Docket No. 1, ¶ 2).

makes it unlawful for the employer to retaliate against those who complain about discriminatory employment practices. See, 42 U.S.C. § 2000e-3(a)(stating prohibition). The substantive aspect centers on preventing injury to individuals based on who they are, whereas the anti-retaliation facet looks to prevent harm to those based on their conduct. See, DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008)(articulating proposition).

### B. EEOC pre-complaint procedure and exhaustion

As originally enacted in 1964, "Title VII did not apply to the federal government." Rodríguez v. United States, 852 F.3d 67, 76 (1st Cir. 2017). This was accomplished by excluding the federal government from the definition of "employer." Id. As a result, each of the substantive provisions of Title VII prohibiting employment discrimination applied at that time only to non-government employers, including employment agencies, labor organizations, and various types of training programs. Id.

In 1972, Congress enacted the Equal Employment Opportunity Act, amending Title VII to extend its coverage to federal employees. See, Brown v. General Services Administration, 425 U.S. 820, 825-835 (1976)(examining amendment).[6] Rather than simply amend the definition of "employer" to include the United States, "Congress created an entirely new section," Section 717(a), 86 Stat. at 111 (codified as amended at 42 U.S.C. § 2000e-16(a)). Rodríguez, 852 F.3d at 77. The Section is specifically – and only – applicable to federal employment. Id. With the amendment, Congress intended to accord aggrieved federal applicants and employees the full rights available in the courts as are granted to individuals in the private sector under Title VII. Id.

---

[6] See also, II Barbara T. Lindemann, Paul Grossman & C. Geoffrey Weirich, Employment Discrimination Law 32-3-32-19 (5th Ed. 2012) (describing Title VII's coverage of federal employees).

Ramos v. Brennan
Civil No. 20-1163 (PAD)
Opinion and Order
Page 6

With this in mind, an aggrieved federal employee may now file a Title VII action in federal district court. See, Vera v. McHugh, 622 F.3d 17, 29 (1st Cir. 2010)(so acknowledging)(quoting Brown, 425 U.S. at 832). Yet, prior to doing so, "the complainant must seek relief in the agency that has allegedly discriminated against [her]." Vera, 622 F.3d at 29; Showalter v. Weinstein, 233 F.App'x 803, 804 (10th Cir. 2007)(federal employees who allege discrimination or retaliation as proscribed by Title VII must comply with specific administrative procedures to properly exhaust remedies before filing suit in federal court). A federal court will not entertain a federal employee's discrimination claim brought under Title VII "unless administrative remedies have first been exhausted." Rodríguez, 852 F.3d at 78.

The procedure to seek relief is not statutorily prescribed. See, Román-Martínez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996)(discussing topic). Nonetheless, Title VII grants to the EEOC authority to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out" its enforcement responsibilities under the federal-employment section of the statute. 42 U.S.C. § 2000e -16(b). Pursuant to this authority, the EEOC issued regulations setting forth the procedure to be followed in seeking EEO relief. This procedure must be carefully pursued. See, II Barbara T. Lindemann, Paul Grossman & C. Geoffrey, supra at p. 32-20 ("Federal employees must follow carefully the applicable administrative procedures and time provisions prescribed, which the Supreme Court described as preconditions that Congress attached to the right to sue") (citing in part Brown, 425 U.S. at 833)).

To start the process, the aggrieved person must consult an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or the effective date of the personnel action in question prior to filing a complaint, in order to try to informally resolve the matter. See, Vera, 622 F.3d at 29 (describing process). The procedure, set forth in 29 C.F.R. § 1614.105, includes an

initial session, during which counselors must advise individuals, in writing, of their rights and responsibilities, including the right to a hearing and the immediate notification of a final decision after the investigation performed by the agency concludes. See, 29 C.F.R. § 1614.105(b)(1). Only the claims "raised in pre-complaint counseling (or issues or claims like or related to those raised in pre-complaint counseling) may be alleged in a subsequent complaint filed with the agency." Id.

If the matter is not resolved at this procedural stage, it is the counselor's responsibility to inform the aggrieved person, in writing, of his right to file an administrative complaint with the agency within 15 days of receipt of the notice. See, 29 C.F.R. § 1614.105(d) and 29 C.F.R. § 1614.106(a) and (b). Besides, the notice shall include the appropriate official with whom to file a complaint and advise of the complainant's duty to assure that the agency is informed immediately if the he or she retains counsel. Failure to file a formal complaint within this period is grounds for the agency to dismiss the complaint. See, 29 C.F.R. § 1614.107(a)(2). Likewise, should the agency issue a final decision adverse to the employee, the employee may either appeal that decision to the EEOC Office of Federal Operations or file a civil action in federal court. See, 29 C.F.R. §§ 1614.110, 1614.401, 1614.407. Nonobservance of these steps "bars a plaintiff employee from bringing a later court action" based on that allegedly discriminatory conduct. Randall v. Potter, 366 F.Supp.2d 104, 113 (D. Me. 2005).

The regulations do not define the term "initiate contact." For the EEOC, however, a complainant may satisfy the criterion of EEO-counselor contact by initiating contact with any agency official logically connected with the EEO process even if that official is not an EEO Counselor, and by exhibiting an intent to begin the process. See, Pagán v. United States, 2016 WL 3910260, at *3 (D.P.R. July 14, 2016)(examining issue)(citing Culpepper v. Shafer, 548 F.3d 1119, 1122 (8th Cir. 2008)).

### C. Analysis

Against this backdrop, the court must assess whether plaintiff exhausted administrative remedies before filing suit in federal court. Plaintiff alleges that the incident with her co-worker occurred on November 2, 2019, no action was taken, and due to the inaction, she filed an initial administrative complaint on December 30, 2019, alleging discriminatory harassment because of sex (Docket No. 1, ¶ 5; Docket No. 7-1, ¶ 4). On January 9, 2020, she amended her informal administrative EEO complaint to include a second claim of harassment and because she did not receive any sick leave pay for the "pay period 01 of 2020" (Docket No. 7-1, ¶ 7; Docket No. 7-2). The complaint was assigned to Ms. Sze (Docket No. 7-1, ¶ 6).

On March 13, 2020, Ms. Sze mailed plaintiff a "Notice of Right to File a Formal Complaint" in Postal Service letterhead (Docket No. 7-1, ¶ 8; Docket No. 7-2). As relevant, the Notice informed plaintiff that Ms. Sze had concluded processing her claim and plaintiff had two options: withdraw the claim and do nothing, at which point plaintiff's inquiry would expire in 15 days from the date of receipt of the Notice, with no further action to be taken, or file a formal complaint (Docket No. 7-2). The Notice specified that if plaintiff elected to file the complaint, she had 15 days from the date of receipt of the Notice to do so, and warned that failure to file within that time limit could subject the complaint to dismissal. Id. The Notice included the forms that plaintiff needed in order to pursue her complaint through the EEO process – PS Form 2579-A and PS Form PS 2565 – which she had to complete, sign, date, and return to the following address:

**NEEOISO-Formal Complaint**
**U.S. Postal Service**
**P.O. Box 21979**
**Tampa, FL 33622-1979**

Plaintiff did not file a formal administrative complaint, and failed to complete and return either PS Form 2579-A or PS Form 2565 to NEEOISO. Instead, she filed directly in this court. She argues that on February 10, 2020, she filed a claim for retaliation with the EEOC and on February 16, 2020, her counsel sent and discussed it with Ms. Sze, which, in plaintiff's view, turned her claim into a formal complaint (Docket No. 9, ¶ 6). The court is not persuaded, for plaintiff did not file a formal complaint within 15 days of receipt of the Notice and, contrary to what she was unambiguously informed in the March 13, 2020 Notice, she failed to submit the PS Forms. The Notice was issued on March 13, 2020, after her counsel spoke with Ms. Sze, advising plaintiff that there was no resolution to her counseling request, and of her options. Plaintiff then filed the instant case on March 30, 2020 (Docket No. 1), seemingly within 15 days of receipt of the Notice. But the Notice was clear in advising plaintiff that the next step in the process pertained to the agency, not federal court. The exhaustion requirement "is no small matter," but "a condition to the waiver of sovereign immunity" and thus, to be "strictly construed." Vázquez-Rivera v. Figueroa, 759 F.3d 44, 47-48 (1st Cir. 2014).[7]

In these circumstances, plaintiff failed to exhaust administrative remedies. See, Thweatt v. Brennan, 2019 WL 459701 *1, *4 (E.D.Va. Feb. 5, 2019)(Title VII suit against the Postmaster General dismissed due to untimeliness in bringing forth formal EEO complaint); Walker v. Wilkie, 2020 WL 497136 *4-*5 (W.D.N.C. Jan. 30, 2020)(dismissal in part for failure to meet 15-day deadline to file formal complaint after receipt of notice of right to file). And because plaintiff makes no argument in support of estoppel or equitable tolling to excuse her failure to timely file a formal complaint at the administrative level, dismissal follows.

---

[7] For the same proposition, see, Rodríguez, 852 F.3d at 79.

## IV.  CONCLUSION

For the reasons stated, defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) is GRANTED on account of plaintiff's failure to exhaust administrative remedies. In consequence, the Complaint is dismissed. Judgment will be entered accordingly.[8]

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of July, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

[8] The court is mindful of the Postmaster General's request of April 15, 2021, to stay discovery (Docket No. 16), and that the parties have conducted some discovery (Docket No. 28). With the benefit of hindsight, the court should have stayed discovery pending resolution of the motion to dismiss. All things considered, however, it is persuaded that the case should not move forward for the reasons articulated in this Opinion and Order and by extension, that the parties should not expend additional time and resources on discovery.